**No. 25-1327**

IN THE

# United States Court of Appeals for the Third Circuit

ROGER A. SALVATORA, *et al.*, individually and on behalf of all those similarly situated,

*Plaintiffs-Appellees*,

v.

XTO ENERGY INC.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, NO. 2:19-CV-01097

**SUPPLEMENTAL BRIEF FOR DEFENDANT-APPELLANT PURSUANT TO COURT'S ORDER OF MARCH 27, 2026**

Colin E. Wrabley
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3131
cwrabley@reedsmith.com

Elizabeth L. Tiblets
PORTER HEDGES LLP
1000 Main St., 36th Floor
Houston, TX 77002
(713) 226-6758
etiblets@porterhedges.com

*Counsel for Defendant-Appellant*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ........................................................................................... 2

A. Because *Coinbase* Only Requires A Stay Of Claims Involved In This Appeal, XTO Did Not Notify This Court Of Proceedings Not Involving The Arbitration Claims At Issue Here. ........................................ 2

B. Is The District Court's Judgment Order In Violation Of The *Coinbase* Stay *Ultra Vires* And Null And Void? ........................................ 5

C. Would Dismissal Of This Appeal Cure The Judgment Order—And, If Not, Upon Dismissal, Could The District Court Reinstate It? ........................................ 6

D. Dismissal Of This Appeal Is Not Necessary To Cure The *Coinbase* Issue. ........................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avery v. TEKsystems, Inc.*,
757 F. Supp. 3d 973 (N.D. Cal. 2024) .......... 4

*Bacon v. Sullivan*,
969 F.2d 1517 (3d Cir. 1992) .......... 9

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
128 F.3d 504 (7th Cir. 1997) .......... 3

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig. MDL No. 3040*,
No. 22-3040, 2024 WL 868239 (E.D. Mich. Feb. 28, 2024) .......... 4

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) .......... *passim*

*Columbia Gas Transmission, LLC v. RDFS, LLC*,
No. 5:23-CV-364, 2024 WL 973114 (N.D. W.Va. Feb. 27, 2024) .......... 4

*In re ESML Holdings Inc.*,
135 F.4th 80 (3d Cir. 2025) .......... 5

*George v. Rushmore Serv. Ctr., LLC*,
114 F.4th 226 (3d Cir. 2024) .......... 5

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982) .......... 2, 3, 4, 5

*Kusay v. United States*,
62 F.3d 192 (7th Cir. 1995) .......... 5

*Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*,
858 F.3d 916 (5th Cir. 2017) .......... 6

*Lukis v. Whitepages Inc.*,
549 F. Supp. 3d 798 (N.D. Ill. 2021) .......... 4

*Manrique v. United States*,
581 U.S. 116 (2017) .......... 5

*Mary Ann Pensiero, Inc. v. Lingle*,
847 F.2d 90 (3d Cir. 1988) ........ 5, 6

*In re McDonald*,
489 U.S. 180 (1989) ........ 9

*Price v. Dunn*,
587 U.S. 999 (2019) ........ 5

*Reyes Mata v. Lynch*,
576 U.S. 143 (2015) ........ 7

*Rodriguez v. Cnty. of Los Angeles*,
891 F.3d 776 (9th Cir. 2018) ........ 6

*Smith v. Berryhill*,
587 U.S. 471 (2019) ........ 9

*United States v. Corrick*,
298 U.S. 435 (1936) ........ 9

*United States v. Rodriguez-Rosado*,
909 F.3d 472 (1st Cir. 2018) ........ 6

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010) ........ 6

*Venen v. Sweet*,
758 F.2d 117 (3d Cir. 1985) ........ 5, 6

**Statutes**

9 U.S.C. § 16(a)(1)(B) ........ 7

**Rules**

Fed. R. App. P. 12.1(b) ........ 8

Fed. R. Civ. P. 62.1(a) ........ 8

## PRELIMINARY STATEMENT

After granting XTO's motion seeking summary judgment on only the claims of class members not involved in this arbitration appeal, the District Court entered a Rule 58 "Judgment Order." That Judgment Order reflects a misunderstanding that the District Court's summary-judgment ruling encompassed the claims of the 16 class members subject to this appeal. The District Court did not have an opportunity to address that misunderstanding because Plaintiffs immediately filed a Notice of Appeal. But the misunderstanding is no reason to disturb this appeal, and XTO already has asked the District Court to correct the misunderstanding.

This appeal is from the District Court's 2024 order denying XTO's motion to compel arbitration under 16 leases with arbitration provisions. XTO has consistently maintained its intent to arbitrate those claims, as reflected in its express carve-out of the claims from its 2025 summary-judgment motion. This comports with the holding in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023), that this appeal stayed those aspects of the case "involved in" this appeal. However, the stay did *not* encompass the claims of the remaining 500-plus class members who do not have leases with arbitration provisions and who are not parties to—and who could not be affected by—the outcome in this appeal.

Thus, there is no *Coinbase* issue with the summary-judgment ruling on those 500-plus class members' claims. There is a *Coinbase* issue with the Judgment Order, but that issue can be corrected without dismissing this appeal, over which this Court retains

jurisdiction. Indeed, under existing precedent, because of the *Coinbase* stay, the Judgment Order was void *ab initio* and thus presents no impediment to this Court deciding this appeal. And if the Judgment Order is not void, the District Court can correct it via XTO's pending Motion to Reconsider.

## ARGUMENT

### A. Because *Coinbase* Only Requires A Stay Of Claims Involved In This Appeal, XTO Did Not Notify This Court Of Proceedings Not Involving The Arbitration Claims At Issue Here.

XTO moved to compel arbitration against the class members who brought claims under the 16 leases containing arbitration provisions (the "Arbitration Claims"). (ECF 194.) XTO appealed the denial of that motion (the "Appeal"). (ECF 222.) Because that Appeal is pending, and under *Coinbase*, the District Court has no "control" over the Arbitration Claims. *See Coinbase*, 599 U.S. at 740 ("An appeal, including an interlocutory appeal, 'divests the district court of its control *over those aspects of the case involved in the appeal*.'") (emphasis added) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

In July 2025, XTO moved for summary judgment. On page one of its supporting memorandum, XTO expressly stated that it was not seeking summary judgment of the Arbitration Claims due to this Appeal. (ECF 245 at 1 n.1 in which XTO cites *Coinbase*, 599 U.S. at 740).) Nevertheless, after issuing an order granting XTO's motion for summary judgment (ECF 281, the "Summary-Judgment Order")—and likely inadvertently—the District Court entered a Rule 58 Judgment Order, reflecting,

incorrectly, that all claims of all parties had been adjudicated. (ECF 282.) Based on this oversight, on March 27, XTO asked the District Court to reconsider its Judgment Order and vacate or amend it to clarify that the Arbitration Claims remain unadjudicated. (ECF 287) (attached hereto as **Exhibit A**.)[1]

It is clear that the *Coinbase* stay impacting the Arbitration Claims does *not* extend to the claims of the 500-plus class members that indisputably are not "involved in" this Appeal. In *Coinbase*, the Supreme Court only required a stay of the entire putative class action because the order appealed from denied a motion to compel *all* plaintiff's claims to arbitration, so "the entire case [was] essentially 'involved in the appeal.'" *Coinbase*, 599 U.S. at 741. The Supreme Court acknowledged, however, that when the "entire case" is *not* "involved in the appeal," non-arbitrable matters could proceed. *Id.* at 741 n.2 (acknowledging petitioner's concession "that the district court may still proceed with matters that are not involved in the appeal"). In so holding, the Supreme Court drew approvingly from *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997), which found a stay appropriate under *Griggs* as to the arbitrable claims against "only two among the four defendants," but further noted "that

1 On March 20, one day after the Judgment Order issued, Plaintiffs appealed the Judgment Order (ECF 284), docketed at Case No. 26-1640. That appeal is premature because under *Coinbase*, there could be no final judgment due to this Appeal. (Ex. A at 4.) The Court has stayed Plaintiffs' appeal of the Judgment Order pending disposition of XTO's Motion to Reconsider in the District Court. *See* Doc. 4, Order, No. 26-1640. The District Court has requested that Plaintiffs respond to XTO's Motion by April 13. (ECF 288.)

the case may proceed against the other[ ]" defendants on the non-arbitrable claims pending appeal. *See Coinbase*, 599 U.S. at 741 (discussing Judge Easterbrook's decision).

Hewing to *Coinbase*'s focus on aspects of a case "involved in" an appeal, courts have held repeatedly that interlocutory appeals of arbitration rulings do *not* divest district courts of control over non-arbitrable claims not involved in the appeals. *See*, *e.g.*, *Avery v. TEKsystems, Inc.*, 757 F. Supp. 3d 973, 976–77 (N.D. Cal. 2024) (where defendant appealed denial of its motion to compel as to 123 class members, court denied motion to stay "as to the named plaintiffs and 413 class members whose claims are not involved in Defendant's pending appeal"); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig. MDL No. 3040*, No. 22-3040, 2024 WL 868239, at *1 (E.D. Mich. Feb. 28, 2024) (denying stay as to the claims of 51 plaintiffs not involved in appeal from denial of motion to compel arbitration of claims of remaining 18 plaintiffs); *Columbia Gas Transmission, LLC v. RDFS, LLC*, No. 5:23-CV-364, 2024 WL 973114, at *3 (N.D. W.Va. Feb. 27, 2024) (similar); *Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 803 (N.D. Ill. 2021) (similar).

These cases adhere carefully to *Coinbase* and *Griggs* and lead to the same conclusion here: while the divestiture principle precluded the District Court's entry of the Judgment Order reflecting a misunderstanding that the court had adjudicated the Arbitration Claims "involved in" this Appeal, it did not preclude entry of the Summary-Judgment Order on the claims of the class members *not* "involved in" this Appeal.

Because this Appeal did not divest the District Court of control over the non-arbitrable claims of the 500-plus class members not involved in this Appeal, XTO did

not notify this Court of ongoing District Court proceedings regarding only those claims. Once the *Coinbase* issue emerged in the Judgment Order, XTO moved promptly in the District Court to correct it.

### B. Is The District Court's Judgment Order In Violation Of The *Coinbase* Stay *Ultra Vires* And Null And Void?

*Griggs*, *Coinbase*, and numerous precedents of this Court expressly and repeatedly describe the rule of divestiture as one of "jurisdictional significance." *See Coinbase*, *supra* at 740; *Griggs*, *supra* at 58; *In re ESML Holdings Inc.*, 135 F.4th 80, 97 (3d Cir. 2025); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Price v. Dunn*, 587 U.S. 999, 1004 (2019) (Thomas, J., joined by Alito, J. and Gorsuch, J., concurring in denial of certiorari) (finding that under divestiture rule, district court "manifestly lacked jurisdiction" while the case "was pending in the Court of Appeals" and noting "well settled" rule that notice of appeal "transfers *adjudicatory authority* from the district court to the court of appeals") (quoting *Manrique v. United States*, 581 U.S. 116, 120 (2017) (cited approvingly in *Coinbase*, 599 U.S. at 740). A "lack of jurisdiction 'voids any decree entered in a federal court[.]'" *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 239 (3d Cir. 2024); *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (Easterbrook, J.) (when "case is 'in' the court of appeals, … any action by the district court is a nullity," noting exception for aspects of case not involved in appeal).[2] Under these authorities, insofar as the

---

[2] In addressing when a judgment rendered by a court without jurisdiction is "void"

Judgment Order mistakenly reflects that the Arbitration Claims of the class members who are parties to this appeal have been finally adjudicated, it was void *ab initio*.

XTO notes that two other circuits have held that the divestiture principle is *not* "jurisdictional." *See*, *e.g.*, *United States v. Rodriguez-Rosado*, 909 F.3d 472, 477 (1st Cir. 2018) ("[B]ecause the judge-made divestiture rule isn't based on a statute, it's not a hard-and-fast jurisdictional rule.") (citation omitted); *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790–92 (9th Cir. 2018) (same). And this Court, in the same cases characterizing the divestiture principle as jurisdictional, also has described it as "judge-made." *Venen*, 758 F.2d at 121; *see also Mary Ann Pensiero, Inc.*, 847 F.2d at 97 (same). As such, there may be a colorable argument that the divestiture principle is not "jurisdictional," in which case a ruling in violation of the principle would not be *ultra vires* or null and void. As discussed below in § D, however understood, the divestiture principle does not foreclose *some court* from correcting the *Coinbase* issue with the Judgment Order.

## C. Would Dismissal Of This Appeal Cure The Judgment Order—And, If Not, Upon Dismissal, Could The District Court Reinstate It?

Dismissal of this Appeal would not itself cure the Judgment Order because it wouldn't change the fact that the District Court lacked authority to issue it at the time. *See Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017)

---

under Federal Rule of Civil Procedure 60(b)(4), the Supreme Court has stated that "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final[.]" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). If that is the operative definition of "void" here, the Judgment Order would appear to meet it.

(holding that "although subsequent events have made it such that the district court would now have jurisdiction" to grant relief, "these events do not retroactively cure the void order" previously granting relief).

Further, dismissal of this Appeal—and the subsequent issuance of the mandate—would only restore full authority to the District Court prospectively. Dismissal would not itself result in a reinstatement of the Judgment Order because the District Court has not yet adjudicated summary judgment as to the Arbitration Claims, and XTO has not yet moved for that relief in the District Court. Thus, XTO would first have to move for summary judgment as to the Arbitration Claims. Then the District Court would have to decide that motion. Provided the District Court grants summary judgment to XTO on the Arbitration Claims, it could then enter a final judgment, and Plaintiffs could perfect their appeal in Case No. 26-1640.

To be clear, XTO is not dismissing its Appeal and there is no basis for *this Court* to do so. The Court has jurisdiction, *see* 9 U.S.C. § 16(a)(1)(B); Reply Br. of XTO at 3-7 (Doc. 31), and a "virtually unflagging obligation" to exercise it, *see Reyes Mata v. Lynch*, 576 U.S. 143, 150 (2015) (reversing where Fifth Circuit "should have asserted jurisdiction over" the appeal before it) (citation omitted). At the same time, the *Coinbase* stay resulting from this Appeal applies only to the District Court, not this Court, and there is no other intervening development that conceivably affects the Court's jurisdiction over this Appeal.

## D. Dismissal Of This Appeal Is Not Necessary To Cure The *Coinbase* Issue.

The *Coinbase* issue with the Judgment Order can and should be cured without dismissal of this Appeal. If the *Coinbase* issue is jurisdictional and the Judgment Order was void *ab initio*, it has no effect and the Court can decide the Appeal. If the *Coinbase* issue is *not* jurisdictional and the Judgment Order is not void, the District Court retains authority to vacate the Judgment Order pursuant to XTO's pending Motion to Reconsider in that court and this Court, as it has done in Case No. 26-1640, can await the District Court's disposition of that Motion.

XTO notes that the District Court does not need to alter the Summary-Judgment Order itself. That Order grants the XTO's summary-judgment motion, which, as noted, expressly did *not* seek summary judgment on the Arbitration Claims involved in this Appeal. And the District Court could not have resolved those Arbitration Claims because of this Appeal and *Coinbase*.

If there is doubt about the District Court's authority to vacate or amend the Judgment Order because of this Appeal, there are two pathways to resolve the *Coinbase* issue. One is for the District Court to issue an indicative ruling that it would grant XTO's Motion to Reconsider if this Court remands to allow it to do so. *See* Fed. R. Civ. P. 62.1(a); Fed. R. App. P. 12.1(b). The other is for this Court to vacate the Judgment Order, whether as a remedy for the District Court's lack of jurisdiction to enter the

Judgment Order due to *Coinbase*,[3] or as an exercise of the Court's inherent authority to protect its authority to decide this Appeal. *See In re McDonald*, 489 U.S. 180, 184 n.8 (1989) ("'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions'") (citation omitted).

Dated: April 6, 2026

Respectfully submitted,

*/s/ Colin E. Wrabley*

Colin E. Wrabley
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3131
cwrabley@reedsmith.com

Elizabeth L. Tiblets
PORTER HEDGES LLP
1000 Main St., 36th Floor
Houston, TX 77002
(713) 226-6758
etiblets@porterhedges.com

*Counsel for Defendant-Appellant XTO Energy, Inc.*

---

3 *See Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992) ("If the record discloses that the district court was without jurisdiction …, this court can raise the question of … the district court's jurisdiction at any time during the course of the judicial process" and "[w]hen the lower federal court lacks jurisdiction, 'we have jurisdiction on appeal, not of the merits but merely for the purpose of *correcting the error of the lower court* in entertaining the suit.'") (emphasis added) (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)), *abrogated on other grounds by Smith v. Berryhill*, 587 U.S. 471 (2019).

## COMBINED CERTIFICATE OF COMPLIANCE

On this sixth day of April, 2026, the undersigned certifies that:

1. This supplemental brief on behalf of Defendant-Appellant XTO Energy Inc. complies with the 2,500-word limitation set by the Court's March 27, 2026, supplemental briefing order, as determined by the word-count function of Microsoft Word 365, because it contains 2,368 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This supplemental brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in 14-point Garamond font.

3. I am a member in good standing of the bar of this Court.

4. The text in the electronic copy of this supplemental brief is identical to the text in the paper copies of the reply brief to be filed with the Court.

5. This supplemental brief was scanned for viruses using Crowdstrike Falcon malware scan and no viruses were detected.

*/s/ Colin E. Wrabley*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this sixth day of April, 2026, he caused the foregoing supplemental brief to be filed using the Court's electronic case filing system, which will automatically serve a notice of docket activity upon all counsel of record.

*/s/ Colin E. Wrabley*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROGER A. SALVATORA**, et al., individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**XTO ENERGY INC.**,<br><br>Defendant. | ) | Civil Action No. 2:19-cv-01097-CBB-WSS |

**<u>XTO'S BRIEF IN SUPPORT OF MOTION TO RECONSIDER AND VACATE OR AMEND THE RULE 58 JUDGMENT ORDER AT ECF 282</u>**

Pursuant to Federal Rules of Civil Procedure 59(e) or 60(b)(1), Defendant XTO Energy Inc. ("XTO") respectfully requests, as a matter of procedural prudence, that the Court reconsider and vacate or amend the Judgment Order entered on March 19, 2026 (ECF 282) to reflect (i) the still-unadjudicated claims of certain plaintiff-class members whose claims are presently before the U.S. Court of Appeals for the Third Circuit in a pending arbitration appeal and (ii) the resulting absence of a final and appealable judgment in this case. As noted below, once the Third Circuit decides the pending arbitration appeal and remands to this Court, the Court will be able to enter a final judgment forthwith.[1]

[1] Earlier today, the Third Circuit issued an order in the arbitration appeal stating that it was aware of the Court's recent judgment. *See* Order, Doc. 48, Case No. 25-1327 (3d Cir. March 27, 2026). If XTO does not wish to dismiss its appeal (it does not), the Circuit directed XTO to submit supplemental briefing addressing the effect of the arbitration appeal on the post-appeal proceedings in this Court under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). *Id.* As noted below, while the arbitration appeal divested this Court of authority to adjudicate the claims of the Arbitration Class Members, it did not limit the Court's authority to adjudicate the claims of those plaintiff-class members who are *not* involved in that appeal. *See Coinbase*, 599 U.S. at 740 ("An appeal, including an interlocutory appeal, 'divests the district court of its control *over those aspects of the case involved in the appeal*.'") (emphasis added).

## PROCEDURAL BACKGROUND

**The Motions for Summary Judgment.** On February 12, 2026, Magistrate Judge Christopher B. Brown issued a Report and Recommendation that the Court deny Plaintiffs' motion for partial summary judgment (ECF 240) and grant XTO's motion for summary judgment (ECF 243). (ECF 278, the "R&R"). Following Plaintiffs' objections to the R&R and XTO's response to the objections, the Court issued an Order adopting the R&R, overruling Plaintiffs' objections to it, denying Plaintiffs' partial summary judgment motion, and granting XTO's summary judgment motion (the "Summary-Judgment Order"). (ECF 281). The same day, the Court issued its "Judgment Order" pursuant to Rule 58 in favor of XTO and against Plaintiffs and directed the Clerk to mark the case closed. (ECF 282). The next day, Plaintiffs filed a notice of appeal to the Third Circuit "from the final judgment entered March 19, 2026 at ECF No. 282." (ECF 284).[2]

**The Arbitrable Claims.** In 2024, XTO moved to compel arbitration against a small subset of plaintiff-class members whose leases contain arbitration provisions (ECF 194) (the "Arbitration Class Members"), which the Court denied (ECF 211, 221). Months before XTO filed its motion for summary judgment, pursuant to Section 16(a) of the Federal Arbitration Act, XTO appealed the denial of its motion to compel arbitration (ECF 222) (the "Arbitration Appeal"). The Arbitration Appeal is fully briefed, was argued on December 10, 2025, and remains pending before the Third Circuit. *See Salvatora v. XTO Energy Inc.*, No. 25-1327 (3d Cir.).

[2] Plaintiffs' appeal of the Judgment Order does not limit the Court's authority because, as discussed below, there is no appealable order or judgment. *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) ("a notice of appeal from an unappealable order does not deprive the district court of jurisdiction" (citation omitted)). If there is doubt about the Court's jurisdiction given Plaintiffs' appeal, the Court could, pursuant to Fed. R. Civ. P. 62.1(a), find in the alternative "either that it would grant" this Motion "if the court of appeals remands for that purpose or that the [M]otion raises a substantial issue."

## REASONS FOR RECONSIDERATION

Rule 58 requires entry of a "separate document" for judgments to clearly flag for potential appellants their ability to appeal. *Gregson & Assocs. Architects v. Gov't of the Virgin Islands*, 675 F.2d 589, 592 (3d Cir. 1982). The Court's separate "Judgment Order" document here reflects the Court's understandable belief that its summary-judgment ruling—which resolves all claims of most (but not all) of the plaintiff-class members—is a final and appealable order. *See* FED. R. CIV. P. 54(a) (defining "judgment" under the Rules as "a decree and any order from which an appeal lies"). However, because the claims of the Arbitration Class Members have not yet—and could not have—been adjudicated at summary judgment (or otherwise), there is not yet a "judgment" "from which an appeal lies" to set forth in a separate Rule 58 document. XTO respectfully suggests the Court should reconsider and vacate or amend the Judgment Order to clarify as much.[3]

"Motions for reconsideration are normally decided under Federal Rule 59(e), regarding motions to alter or amend a judgment, or 60(b) addressing motions for relief from a final judgment." *Van v. Oddo*, 2026 U.S. Dist. LEXIS 29015, at *3 (W.D. Pa. Feb. 12, 2026) (citation omitted). Motions for reconsideration allow a court to alter its orders to correct errors or present newly discovered evidence. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended if a party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or

[3] To be clear, the reasoning of the Court's Summary-Judgment Order applies fully to the claims of the Arbitration Class Members. Thus, if the Third Circuit affirms the denial of XTO's motion to compel arbitration in the Arbitration Appeal, the reasons set forth in the R&R will mandate disposal of the Arbitration Class Members' claims on their merits and there will ultimately be a final and appealable judgment. And if the Third Circuit reverses and remands for this Court to enforce the parties' arbitration provisions and dismiss the Arbitration Class Members' claims, there likewise will be a final and appealable judgment.

to prevent manifest injustice." *Id.* (citation omitted).[4]

The Court may appropriately reconsider the Judgment Order under these standards. As noted, XTO's Arbitration Appeal was pending at the time of the Summary-Judgment Order and the Judgment Order—and remains so. Under settled law, the pendency of the appeal divested this Court of jurisdiction to adjudicate the Arbitration Class Members' claims. *See Coinbase, Inc.*, 599 U.S. 736, 740 (2023) ("Congress enacted §16(a) against a clear background principle prescribed by this Court's precedents: An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'") (citation omitted). As XTO's summary-judgment motion indicated,[5] that means the Arbitration Class Members' claims were not before the Court at summary judgment and were not adjudicated in the Summary-Judgment Order.

As a result, there is not a "decree" or "order" "from which an appeal lies" supporting entry of judgment under Rule 58. *See* FED. R. CIV. P. 54(a); FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 152 (3d Cir. 1984) ("The grant of partial summary judgment is not a final judgment, Fed. R. Civ. P. 54(b), and

---

[4] While Rule 59(e) provides an appropriate vehicle for granting the relief requested in this Motion, the Court can also grant relief under Rule 60(b)(1). *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (noting court can correct "errors of law" as "'mistake[s]' under Rule 60(b)(1)"). Viewing the Summary-Judgment Order as the interlocutory ruling that it is, the Court could alternately grant the same relief pursuant to Rule 54(b). *See Black Bear Energy Servs. Inc. v. Youngstown Pipe & Steel, LLC*, Civil Action No. 15-50, 2021 U.S. Dist. LEXIS 195905, 2021 WL 4751746, at *8 (W.D. Pa. Oct. 12, 2021) ("It is well-established that the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)." (citation omitted)).

[5] *See* ECF 245 at 1 n.1 (explaining that XTO's summary-judgment motion "pertains only to the Plaintiffs who do not have the arbitration provisions" because the Arbitration Appeal "automatically divested" this Court "of jurisdiction over" the Arbitration Class Members' claims).

hence is not appealable.”). Nor have the parties asked the Court to find, and it has not “expressly determine[d,] that there is no just reason for delay” in entering a judgment “as to one or more, but fewer than all, claims or parties” pursuant to Rule 54(b).

Because the Summary-Judgment Order and associated Judgment Order are not orders “from which an appeal lies[,]” moreover, no final judgment can or should be entered pursuant to Rule 58. *See Yiwu Baimei Elecs. Com. Co., Ltd. v. Iland*, 2026 U.S. App. LEXIS 2081, at *1 (7th Cir. Jan. 27, 2026) (noting propriety of district court *not* entering “a final judgment with respect to all claims and all parties under Rule 58” due to the absence of a final and appealable order); *Ctr. for Biological Diversity v. Regan*, 729 F. Supp. 3d 37, 55 (D.D.C. 2024) (finding that “Court cannot enter final judgment pursuant to Rule 58(d)” because it had not issued a final decision resolving every claim of every party) (citation omitted); *FedEx Corp. v. United States*, 768 F. Supp. 3d 912, 921 (W.D. Tenn. 2025) (same). The Court should therefore reconsider and vacate or amend the Judgment Order and clarify that this case is not closed. *See Wilmington Sav. Fund Soc’y v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (a “district court may, pursuant to a Rule 59(e) motion, ‘change[] matters of substance, or resolve[] a genuine ambiguity, in a judgment previously rendered’”) (quoting *Fed. Trade Comm’n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952)); *Tear Drop Cattle Co., LLC v. Devon Energy Prod. Co. L.P.*, 2023 U.S. Dist. LEXIS 234556, at *11 (D. Wyo. Dec. 21, 2023) (granting Rule 59(e) motion to reconsider “Final Judgment” and directing that it be “amended to reflect that this case remains open to allow for the disposition of all remaining claims”).

## CONCLUSION

The Court should grant this Motion to Reconsider, vacate or amend its Judgment Order, and clarify that the case is not closed.

Date: March 27, 2026

Justin H. Werner PA I.D. No. 203111
jwerner@reedsmith.com
Thomas J. Galligan PA I.D. No. 319487
tgalligan@reedsmith.com
REED SMITH LLP 225
Fifth Avenue Suite 1200
Pittsburgh, PA 15222
Tel:(412) 288-3131
Fax: (412) 288-3063

Elizabeth L. Tiblets TX I.D. No. 24066194
(Admitted Pro Hac Vice)
etiblets@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, TX 77002
Tel: (817) 347-5037
Fax: (817) 347-5299

Reagan M. Brown TX I.D. No. 03162200
(Admitted Pro Hac Vice)
reagan.brown@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1550 Lamar St., Suite 2000
Houston, Texas 77010
Tel: (713) 651-5469
Fax: (713) 651-5246

*Counsel for Defendant XTO Energy Inc*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiffs verbally and by email regarding the relief sought in this Motion. On March 27, 2026, Plaintiffs' counsel stated:

> Plaintiffs have not been provided with a copy of XTO Energy's proposed motion. Without knowing the language XTO intends to use in the motion or proposed order, plaintiffs cannot take a position as to its proposed motion. Plaintiffs, however, intend promptly to file a motion under Fed.R.Civ.P. 54(b) which, if granted, would ripen any premature notice of appeal into an appealable order. *See, e.g., Liberty Bell Bank v. Rogers*, 726 Fed.Appx. 147, 150 n.5, (3d Cir. 2019); *Dawson v. Chrysler Corp.*, 630 F.2d 950, 955 n.4 (3d Cir. 1980); *Tilden Financial Corp., v. Palo Tire Service, Inc.*, 596 F.2d 604, 606-07 (3d Cir. 1979).

Elizabeth L. Tiblets

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 27, 2026, a true and correct copy of the foregoing XTO's Brief in Support of Motion to Reconsider and Vacate or Amend the Rule 58 Judgment Order at ECF 282 was electronically filed with the Clerk of Court using the CM/ECF system, and was served on the following counsel of record through the CM/ECF system:

David A. Borkovic
dab@jgcg.com
Jones, Gregg, Creehan & Gerace LLP
20 Stanwix St., Suite 1100
Pittsburgh, PA 15222

Counsel for Plaintiffs

Elizabeth L. Tiblets